IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL L. KAWECKI, | ) | Case No. 1:25-CV-00933 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE JENNIFER |
| | ) | DOWDELL ARMSTRONG |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **ORDER & OPINION** |
| Defendant. | ) | |

On May 8, 2025, Plaintiff Samuel Kawecki filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying his applications for social security disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF 1. The Court referred the case to Magistrate Judge Jennifer Dowdell Armstrong for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). Magistrate Judge Armstrong recommends the Court affirm the decision of the Commissioner. ECF 12.

Kawecki filed an objection on January 26, 2025, raising one assignment of error—that the Magistrate Judge erred in finding that the administrative law judge's ("ALJ") failure to address supportability in the opinion was harmless error. ECF 13. The Court has reviewed the record, the briefings, the R&R, and Kawecki's objection. The Commissioner's decision to deny DIB and SSI is supported by substantial evidence, so the Court overrules Kawecki's objection and adopts

Magistrate Judge Armstrong's R&R. Accordingly, the Court **AFFIRMS** the ALJ's decision and **DISMISSES** the case, with prejudice.

## I. Background

Kawecki filed his applications for DIB and SSI on October 11, 2022. The applications related to the removal of muscle from his thigh and arm, diabetes, post-traumatic stress disorder, and depression. The Social Security Administration ("SSA") denied Kawecki's applications initially and upon consideration. At Kawecki's request, a hearing was held before an ALJ on March 6, 2024. Tr. at 33.[1] Kawecki was represented by counsel at this hearing. On March 28, 2024, the ALJ issued a written decision finding that Kawecki was not disabled. *Id.* at 15. This decision became final on March 25, 2025, when the Appeals Council declined further review. *Id.* at 1.

Throughout the administrative process, a variety of medical experts provided their opinions on Kawecki's residual functional capacity ("RFC"). On February 7, 2023, Dr. Maureen Gallagher, D.O., a state agency medical consultant, provided an initial opinion on Kawecki's RFC. On August 10, 2023, Dr. Gerald Klyop, another state agency medical consultant, concurred with Dr. Gallagher's opinions on reconsideration. *Id.* at 92. Both Dr. Gallagher and Dr. Klyop opined that Kaweicki's RFC permitted him to

> perform light exertion work, but walk or stand for a total of 4 hours per day; never climbing ladders, ropes, or scaffolds; occasionally climbing ramps or stairs, or crawling; frequently balancing, stooping, kneeling, or crouching; he must avoid all exposure to moving machinery, unprotected heights, and never operate commercial vehicles or heavy machinery.

*Id.* at 25. The ALJ found that the opinions of the state agency medical consultants were overall persuasive and were supported by the longitudinal record. *Id.* at 25.

---

[1] The transcript of proceedings before the Social Security Administration ("SSA") is at ECF 7. All page references to the transcript refer to the SSA's numbering in the lower-right corner, and not the ECF PageID number added to the header upon filing with this Court.

2

Two state agency psychologists also provided opinions in the administrative record. Dr. Demetri Dres, PsyD, provided the initial opinion on how Kawecki's mental disabilities affected his RFC on January 15, 2023. *Id.* at 64. On August 31, 2023, Dr. Ken Lovko, Ph.D., concurred in Dr. Dres' findings on reconsideration. Both psychologists agreed that Kawecki:

> ha[d] no more than moderate mental health limitations, maintaining the ability to perform simple, repetitive tasks, and infrequent detailed tasks at a slowed pace, with flexible production standards, and no high production orders, urgent tasks, or projects with short lead time; he has a low stress tolerance, weak coping skills, and compromised impulse control which impede his ability to interact with others moderately; and he displays self-defeating behaviors and poor impulse control which compromise his ability to adapt to work stress.

*Id.* at 25.

Ultimately, the ALJ held that Kawecki had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can walk or stand for a total of 4 hours per day; he can frequently handle, finger, and feel items (bilaterally); never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, or crawl; frequently balance, stoop, kneel, or crouch; he can never work at unprotected heights, nor with moving mechanical parts; and he can never operate a motor vehicle. He can perform simple, routine and repetitive tasks, but not at a production rate pace; he is able to make simple work-related decisions; he can interact with coworkers, supervisors, or the public occasionally; but can tolerate few changes in a routine work setting.

*Id.* at 22. In coming to this conclusion, the ALJ noted that he found all of the opinions of the state agency's medical experts to be supported and persuasive, but that the opinions of the psychologists were "phrased in a manner which overcomplicate[d] the claimant's abilities." *Id.* at 25. In rephrasing the mental elements of Kawecki's RFC, the ALJ noted that "[t]he phrasing [he] used is more broad than the psychological consultants articulated, and encompasses the scenarios they have described." *Id.*

3

**II.     Standard of Review**

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d

830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

**III.  Analysis**

In his initial appeal of the ALJ's decision, Kawecki raised two assignments of error:

> 1) The ALJ failed to comply with 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) or support with substantial evidence his analysis of Dr. Gallagher's and Mr. Klyop's Prior Administrative Medical Findings. Given the lack of further physical opinions, this omission prevents a finding of substantial evidence for the residual functional capacity and the finding of no disability.
>
> 2) The ALJ failed to comply with 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) or support with substantial evidence his analysis of Dr. Dres' and Dr. Lovko's Prior Administrative Medical Findings. Given the lack of further mental opinions, this omission prevents a finding of substantial evidence for the residual functional capacity and the finding of no disability.

ECF 8 at 1. In his objection to the R&R, Kawecki only challenges the R&R's "holding that that harmless error includes a failure to explain fully the Agency's basis for including RFC limitations beyond an otherwise-adopted Prior Administrative Medical Finding." ECF 13 at 1. It, at first, appears that Kawecki is only challenging the Magistrate Judge's determination as to his first assignment of error. However, later in his objection, Kawecki appears to also take issue with how the Magistrate Judge disposed of his second assignment of error, which was based, in part, on the ALJ's alleged failure to adhere to the requirements outlines in sections 404.1520c(b)(2) and 416.920c(b)(2). *Id.* at 2-3. Out of an abundance of caution, and to ensure there is no doubt that this Court has adequately considered all of Kawecki's objections, this Court will address both of these issues.

The first issue is whether the ALJ's failure "to articulate a discussion of supportability" "for including RFC limitations beyond an otherwise-adopted Prior Administrative Medical

5

Finding" can constitute harmless error. ECF 13 at 1. Per the regulations, supportability is defined as: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Both parties and Magistrate Judge Armstrong all agree that the ALJ failed to address the supportability of the state agency medical examiners' opinions. *See* ECF 12 at 14; ECF 13 at 1.

In general, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). However, the Sixth Circuit has recognized three situations where an ALJ's procedural error in considering a medical source opinion was harmless. *See Shields v. Comm'r of Soc. Sec.*, 732 F. App'x 430, 438 (6th Cir. 2018). These situations are "(1) where 'a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it,' (2) where 'the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion,' and (3) 'where the Commissioner has met the goal of . . . the procedural safeguard of reasons.' " *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).[2]

---

[2] While the harmless-error analysis articulated in *Wilson* concerned the pre-March 27, 2017 regulations, district courts within this circuit have applied that analysis to the post-March 27, 2017 regulations. *See Hickman v. Comm'r of Soc. Sec.*, Case No. 2:20-cv-6030, 2021 WL 5176523, at *5 n.4 (S.D. Ohio Nov. 8, 2021) (Vascura, Mag. J.), *report and recommendation adopted sub nom.*, *Darla J.H. v. Kijakazi*, Case No. 2:20-cv-6030 (S.D. Ohio Feb. 3, 2022); *Vaughn v. Comm'r of Soc. Sec.*, Case No. 20-cv-1119, 2021 WL 3056108, at *11 n.8 (W.D. Tenn. July 20, 2021); *Burba v. Comm'r of Soc. Sec.*, Case No. 1:19-CV-905, 2020 WL 5792621, at *4 (N.D. Ohio Sept. 29, 2020) (finding that *Wilson's* harmless error doctrine still applies to § 404.1520c because "[t]he new regulation . . . shares the old regulation's goals. . . . [T]he new regulation is supposed to make it easier for ALJ's to discount treating physician opinions. It would make little sense, therefore, to hold the ALJ to a more stringent and unforgiving procedural requirement under the new regulation than that applied under the old regulation.").

However, " '[a] procedural error is not made harmless simply because [the claimant] appears to have . . . little chance of success on the merits." *Id.* (quoting *Wilson*, 378 F.3d at 547).

Upon review, the Court finds that the second category of harmless error applies to the ALJ's failure to address supportability. As previously noted, and as Kawecki concedes, the ALJ in this case ended up adopting a more restrictive RFC than recommended by the experts. *See* ECF 13 at 1 (noting that the ALJ had "include[ed] RFC limitations beyond an otherwise-adopted Prior Administrative Medical Finding"). Indeed, "numerous cases in this circuit demonstrate that claimants are not prejudiced when an ALJ adopts a more restrictive RFC than an expert recommended." *Roberts v. Comm'r of Soc. Sec.*, Case No. 3:22-cv-0051, 2023 WL 4243225, at *17 (N.D. Ohio Jan. 23, 2023) (collecting cases).[3] Kawecki is unable to show—and, in fact, does not even attempt to show—how the ALJ's decision to adopt the restrictions contained in the state agency medical examiners' opinions (and then some) harmed him. Absent that showing of prejudice or harm, this Court must conclude that the failure to address supportability was harmless error.

The second issue Kawecki raises regards the ALJ's treatment of the opinions from the state agency psychologists. Kawecki "acknowledges that the ALJ addressed the supportability and consistency of the state agency psychologists' opinions, but argues that the ALJ's analysis was inadequate because it was non-specific and did not cite to specific records." ECF 12 at 17. However, "there is no requirement that an ALJ adopt a state agency psychologist's opinions

---

[3] Kawecki's suggestion that the R&R was wrong to rely on only an unadopted R&R in *Croft v. Comm'r of Soc. Sec.*, Case No. 3:22-CV-00511, 2022 WL 17717495, at *8 (N.D. Ohio Nov. 10, 2022) (report and recommendation), ECF 13 at 1 n.1, in finding the ALJ's error to be harmless is misplaced. Indeed, just one page later, Magistrate Judge Armstrong cites *Roberts* and several other cases demonstrating the weight of authority against Kawecki's position. *See* ECF 12 at 15-16.

7

verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).

Kawecki does not identify any specific contradiction between the state agency psychologists' opinions and the ALJ's RFC. Instead, Kawecki argues that "due consideration of the psychological Prior Administrative Medical Finding may have resulted in further limitations regarding detailed tasks and that there is evidence suggesting that greater limitation in detailed tasks would preclude jobs." ECF 13 at 2-3. Magistrate Judge Armstrong was correct to reject Kawecki's "seems likely" arguments because, among other reasons articulated in the R&R, *see* ECF 12 at 17-18, the possibility of alternative findings is not a basis for reversing or overruling an ALJ's determination. As noted previously, "[t]he findings of the [ALJ] are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Here, Kawecki only points to the possibility that the ALJ could have come to a different conclusion—a position that does not come close to reaching the "substantial evidence" standard that is insufficient alone to justify reversal. This Court has reviewed the administrative record and finds that the ALJ's decision is supported by substantial evidence; that other conclusions might be supported by substantial evidence does not change this.

## IV.   Conclusion

After considering the arguments raised and the underlying record, the Court hereby **OVERRULES** Kawecki's objection. Magistrate Judge Armstrong's R&R is **ADOPTED** and this case is **DISMISSED**, with prejudice.

    IT IS SO ORDERED.

Dated: February 5, 2026

                                     *s/Dan Aaron Polster*
                                     United States District Judge